ANTOINETTE MCGILL ESQ., SBN 148521
KALPANA V. PEDDIBHOTLA, ESQ., SBN 200330
THE CHUGH FIRM
4800 Great America Pkwy, Suite #310
Santa Clara, California 95054
Phone: 408-249-3373
Fax:     408-249-3586

**Attorneys for Petitioner**
Gursimrat Singh

FILED
2007 NOV 21  P 3: 46
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

Fee Paid
S1
99

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Gursimrat SINGH

Petitioner,

v.

Rosemary MELVILLE, District Director, in her Official Capacity, District Director, Citizenship & Immigration Services, United States Department of Homeland Security, San Francisco, California; Francis D. SICILIANO, in his Official Capacity, Field Officer Director, Citizenship & Immigration Services, United States Department of Homeland Security, San Jose, California; Emilio T. GONZALEZ, in his official Capacity, Director, United States Citizenship and Immigration Services, Department of Homeland Security; Michael CHERTOFF, in his Official Capacity, Secretary, Department of Homeland Security; Michael MUKASEY, in his Official Capacity, United States Attorney General; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation

Respondents.

Case No. C 07 05917 PVT

ADR

**PETITION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(b)**

**Immigration Case**

USCIS No.: A# 079-691-791

PETITION FOR NATURALIZATION

- 1 -

## INTRODUCTION

1. Petitioner Gursimrat SINGH ("Petitioner"), files this Petition for Naturalization pursuant to section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), requesting that this Court adjudicate his application for naturalization and grant him naturalization or, if necessary, order that a hearing take place in this matter; and mandamus to compel the Respondents to complete any required background checks.

2. Petitioner files this Petition for Naturalization because the United States Department of Homeland Security ("DHS") in San Jose, California, has failed to make a determination regarding his application for naturalization for over 120 days since the naturalization examination was conducted at the United States Citizenship and Immigration Services ("USCIS") office in San Jose, California on March 27, 2006. See 8 U.S.C. § 1447(b). His application has now been pending for approximate 1 ½ years since the date of his interview. Petitioner requests that this Court review his application for naturalization *de novo* and order that his naturalization application be approved.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the present action pursuant to 8 U.S.C. §1447(b) (jurisdiction over naturalization applications where there has been a delay of over 120 days after naturalization interview); 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1361 (mandamus); 28 U.S.C. §2201 (Declaratory Judgment Act); and 5 U.S.C. §701 (Administrative Procedures Act).

4. Venue is properly with this Court pursuant to 8 U.S.C. §1447(b) because Petitioner resides within the Northern District of California, and his naturalization application is being adjudicated within this district. His citizenship interview was conducted at the San Jose Sub-Office of CIS.

5. Further, venue is properly with this Court pursuant to 28 U.S.C. §1391(e) because this is

a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in San Jose, California, in the Northern District of California; and because Petitioner resides in the Northern District and there is no real property involved in this action.

### INTRA-DISTRICT ASSIGNMENT:

6. This action should be assigned to the San Jose Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of that division. See Local Rules 3-2(c).

### PARTIES

7. Petitioner Gursimrat SINGH is a citizen and national of India, and a lawful permanent resident of the United States of America. Mr. Singh resides in Morgan Hill, California.

8. Respondent Rosemary MELVILLE, is the District Director of the San Francisco District Office of CIS and is sued herein in her official capacity;

9. Respondent Francis D. SICILIANO, is the Field Officer Director, Citizenship & Immigration Services, United States Department of Homeland Security, San Jose, California, and is sued in his official capacity;

10. Respondent Emilio T. GONZALEZ is the Director of USCIS and is sued herein in his official capacity.

11. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"), and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

12. Respondent Michael MUKASEY is the Attorney General of the United States and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

13. Robert Mueller is the Director of the Federal Bureau of Investigation ("FBI"), component of the Department of Justice, and is sued herein in his official capacity. The FBI has responsibility to complete certain name checks, security checks and other background checks for CIS and other federal agencies.

## STATEMENT OF FACTS

14. Petitioner Gursimrat Singh is a native and citizen of India.

15. Mr. Singh became a lawful permanent resident on July 29, 2002. He has resided continuously in the United States since he obtained lawful permanent resident status.

16. In November 2005, Mr. Singh filed his application for naturalization (Form N-400) at the United States Citizenship and Immigration Service's California Service Center on. See Exhibit A, attached herein.

17. Mr. Singh had his fingerprints taken for purposes of a background check. On information and belief, prior to the scheduling of his naturalization interview, USCIS submitted a request to the FBI for a criminal history background check, which was completed as demonstrated by the fact that he had his interview for naturalization. Mr. Singh has no criminal record.

18. Petitioner appeared for a naturalization interview with USCIS Officer Jung in San Jose, California on March 27, 2006. Following the interview, Petitioner was informed that he passed the required English, U.S. History, and U.S. Government tests for the examination. See Exhibit B, attached herein.

19. Mr. Singh meets the residence requirements for citizenship. He possesses good moral character for the three year period prior to his application and to the present. He meets all of the eligibility requirements for citizenship.

20. According to statements of CIS, Petitioner's Application for Naturalization is still pending due to outstanding background security checks. More than one year has elapsed since the naturalization interview and no action has been taken by CIS of Mr. Singh's application for naturalization.

21. By letter dated October 3rd 2007, Petitioner, through his counsel, submitted a Freedom of Information Act ("FOIA") request to USCIS for all of his immigration records. To date, Respondents have not provided the records requested by Petitioner, notwithstanding the Freedom of Information Act's requirement of an agency response within 10 working days. 8 C.F.R. §103.10(c)(1). Petitioner has been and will continue to be irreparably harmed because of the unreasonable delay of Respondents in providing the information requested under the Freedom of Information Act.

22. By request dated October 3rd 2007, Petitioner submitted a Freedom of Information-Privacy Acts (FOIPA) to FBI for his records. To date, Respondent FBI has not provided the records requested by Petitioner, notwithstanding the Freedom of Information Act's requirement of any agency response within 20 working days. 5 U.S.C. §551(a)(6)(A). Petitioner has been and will continue to be irreparably harmed because of the unreasonable delay of Respondent FBI in providing the information requested under the Freedom of Information and Privacy Acts.

23. Petitioner's employer, Photon Dynamic, Inc., produces a night vision color camera in high resolution. The primary use of this camera is for surveillance and reconnaissance. The camera will be used by the Department of Defense. In order for Petitioner to continue to advance in his company he requires U.S. citizenship for additional security clearances. Because of the delay in processing his security check, Mr. Singh's advancement opportunities with him employer are curtailed.

24. Petitioner has exhausted all administrative remedies. He has the right to obtain this Court's *de novo* judicial review pursuant to INA §310(c), 8 U.S.C. §1421(c), and to request a hearing.


# CAUSE OF ACTION

## COUNT ONE

### (FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF INTERVIEW)

25. The allegations contained in paragraphs 1 through 24 are repeated and realleged as though fully set forth herein.

26. The DHS has failed to adjudicate Petitioner's application for naturalization within 120 days of Petitioner's naturalization examination. Pursuant to 8 U.S.C. § 1447(b), the United States District Court for the district in which Petitioner resides "has jurisdiction over the matter and may either determine or remand the matter, with appropriate instructions, to the Service to determine the matter" if no action is taken on a naturalization application within 120 days of completion of the examination. Petitioner was interviewed on March 15, 2007, more than 120 days ago. Petitioner also meets all statutory requirements for naturalization pursuant to 8 U.S.C. § 1427(a). Therefore, this Court has the authority to adjudicate Petitioner's naturalization application.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner Gursimrat Singh respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Find that Respondent FBI has unreasonably and unlawfully delayed in completing the necessary background checks in a timely manner, and has unreasonably and unlawfully delayed in providing the results of backgrounds checks to the CIS;

3. Direct that the FBI complete any and all necessary name checks or other background or security checks within 30 days, and promptly provide the results to the USCIS;

4. Order Respondents to provide the information requested under the Freedom of Information Act within a reasonable period;

5.  Review *de novo* Petitioner's application for naturalization, determine that he meets all the requirements for citizenship, grant him naturalization, and direct that USCIS promptly schedule an oath ceremony and issue his Certificate of Citizenship;

6.  If necessary, order that a hearing take place concerning his application of naturalization;

7.  Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and

8.  Grant any and all further relief this Court deems just and proper.

Dated: 11/20/07

_____
Antoinette McGill

Attorney for Petitioner,
Gursimrat Singh